# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

CASE NO.:

VIVIAN BORMEY,

    Plaintiff,

v.

U.S. COMMITTEE FOR REFUGEES
AND IMMIGRANTS, INC.,
a Foreign Not For Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VIVIAN BORMEY ("Ms. Bormey" or "Plaintiff") files this Complaint against Defendant, U.S. COMMITTEE FOR REFUGEES AND IMMIGRANTS, INC., ("USCRI" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION, VENUE AND FMLA COVERAGE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Palm Beach County, Florida, and this venue is therefore proper.

7. Defendant is a foreign corporation that is registered to do business in the State of Florida and conducts business in Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

## CONDITIONS PRECEDENT

12. On or around June 23, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On May 17, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Ms. Bormey worked for USCRI as a Case Manager in Lake Worth, Florida from February 4, 2019, until her termination on April 10, 2020.

18. In mid-March of 2020, due to the raging corona/COVID-19 crisis, USCRI advised Ms. Bormey, among others, that she would thenceforth have the option to work two (2) days per week from home, and three (3) days on-site with USCRI.

19. Ms. Bormey responsibly monitored herself for symptoms of any infirmity, illness, or disability.

20. By Tuesday, April 7, 2020, Ms. Bormey recognized that she was exhibiting some symptoms of COVID-19, and realized that she must monitor them closely.

21. That same day, Ms. Bormey forwarded to USCRI a note from her treating physician, Rola Rimawi, M.D., confirming that she needed to self-quarantine at home for two (2) weeks in order to monitor for COVID-19 symptoms.

22. Ms. Bormey asked her supervisors at USCRI whether, as a reasonable accommodation and a wise safeguard for USCRI and USCRI's other employees, she could simply work from home while self-quarantining for a couple of weeks due to her disabling, serious health condition.

23. Incredibly, USCRI Director Elcy Valdez responded to this request for accommodation negatively, and instructed Ms. Bormey to "take sick leave through ADP."

24. Ms. Valdez confirmed USCRI was unable to modify its work at home policy.

25. Additionally, in response to Ms. Bormey's disclosures, USCRI did not inform Ms. Bormey of her rights and obligations pursuant to the FMLA.

26. Later that day, USCRI sent Ms. Bormey another email warning darkly that she would have to provide "required documentation including document [*sic*] needed to return to work since you will be out of the facility for more than 3 days."

27. Ms. Bormey advised she would use her paid time off while she quarantined at home.

28. Unfortunately, Ms. Bormey was not afforded the opportunity to do so.

29. Instead, on April 10, 2020, USCRI supervisors and managers including Ms. Valdez, Albery Castillo Arias, and Human Resources Generalist Danica Richardson called Ms. Bormey and informed Ms. Bormey that USCRI had decided to terminate her employment, effective immediately.

30. USCRI terminated Ms. Bormey's employment in retaliation for her suffering a disability, or being perceived as suffering from a disability, and requesting reasonable accommodation for same, and in interference with and retaliation for her suffering a serious health condition and requiring unpaid FMLA leave in order to treat and address same.

31. Such a discriminatory and retaliatory termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

32. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

33. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

34. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

35. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

36. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her attempted utilization of protected FMLA leave.

37. In reality, Defendant's termination of Ms. Bormey stemmed from its discriminatory animus toward her need for accommodation under the ADA/FCRA, and for using what should have been protected FMLA leave.

38. The timing of Plaintiff's termination makes the causal connection between her use of what should have been FMLA leave, her request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

39. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

40. Ms. Bormey is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job as a Case Manager.

41. Allowing Ms. Bormey to utilize a period of unpaid leave to treat her disabilities without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

42. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

43. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

44. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

45. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

46. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

47. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Bormey based solely upon her disability.

48. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

49. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

50. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

51. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

52. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

53. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

54. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

55. Defendant did not have a good faith basis for its actions.

56. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

57. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

58. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

59. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 38, and 55 through 59, above.

61. At all times relevant hereto, Plaintiff was protected by the FMLA.

62. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise her of her rights and obligations after she disclosed her serious health condition.

63. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

64. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 38, and 55 through 59, above.

67. At all times relevant hereto, Plaintiff was protected by the FMLA.

68. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for requiring FMLA leave, and for her use of what should have been FMLA-protected leave.

69. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

70. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

71. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 24, 26 through 31, and 37 through 59, above.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

75. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

76. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

78. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

80. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 24, 26 through 31, and 37 through 59, above.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

82. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

87. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 24, 26 through 31, and 37 through 59, above.

88. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

89. Plaintiff's request for reasonable accommodation constitutes protected activity under the ADA.

90. Plaintiff was terminated as a direct result of engaging in protected activity.

91. Plaintiff's protected activity, and her termination, are causally related.

92. Defendant's stated reasons for Plaintiff's termination are a pretext.

93. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

94. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

95. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

96. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

97. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 27, and 34 through 56, above.

98. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

99. Plaintiff's request for reasonable accommodation constitutes protected activity under the ADA.

100. Plaintiff was terminated as a direct result of engaging in protected activity.

101. Plaintiff's protected activity, and her termination, are causally related.

102. Defendant's stated reasons for Plaintiff's termination are a pretext.

103. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

105. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

106. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 5th day of August, 2021.

Respectfully Submitted,

**By: */s/ Noah Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com